IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHON D. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:13-CV-655-TMH |
| | ) [WO] |
| GREGG JACKSON, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an  inmate incarcerated at the Covington

County Jail in Andalusia, Alabama,  challenges actions taken by a  law enforcement officer

with regard to his arrest for drug offenses in July 2013.  Plaintiff names Investigator Gregg

Jackson as the defendant.   Plaintiff seeks declaratory and injunctive relief, court costs,

attorneys fees, and damages.   Upon review of the complaint, the court concludes that

dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. §

1915(e)(2)(B).[1]

**I.  DISCUSSION**

Plaintiff complains that Defendant subjected him to an unlawful arrest in July 2013

based on fabricated evidence and testimony. He further asserts that Defendant conspired with

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint
screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires
the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is
frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from
a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"unknown's" to effectuate his arrest, falsely imprison him, and confiscate his truck.  (*Doc. No. 1*.)

*A. Illegal Arrest and Seizure*

The court understands Plaintiff to bring his claims pursuant to the Fourth and Fourteenth Amendments.  Plaintiff's challenges to the legality of his arrest and detention, however, are barred under the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 59 (1971), which establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctions or declaratory relief absent extraordinary circumstances. *Id.* at 44.  Abstention in favor of state judicial proceedings is required if the proceedings are ongoing,  implicate important state interests, afford an adequate opportunity to raise the federal questions, and  if the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders,* 304 F.App'x  814, 816 (11th Cir. 2008) *(per curiam)*. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Younger*, 401 U.S. at 43; *see also Herrera v. Safir,* 17 F. App'x 41, 42 (2nd Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by *Younger* because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

A federal court could enjoin a pending state criminal proceeding only if "the danger

of irreparable loss is both great and immediate," and only if "the threat to the plaintiff's federally protected rights [is] one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 45–46 (internal citation and quotation marks omitted). To justify federal intervention, Plaintiff "must show manifest bad faith and injury that is great, immediate, irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and result in a deprivation of meaningful access to the state courts." *Allee v. Medrano,* 416 U.S. 802, 836 (1974).

In this case, Plaintiff has not alleged that the pending state court proceedings regarding the charges made the subject of his complaint will not provide him with an adequate opportunity to raise his federal constitutional claims. Further, Plaintiff has not alleged any prosecutorial or judicial bad faith, nor is any bad faith apparent from the record. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff may vindicate his constitutional rights in the on-going state court proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. Additionally, in *Heck v. Humphrey,* 512 U.S. 477 (1994)*,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas

corpus" and complaints containing such claims must therefore be dismissed. *Id* at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

Based on the foregoing, this court must  abstain from considering the merits of Plaintiff's challenges to his alleged illegal and unlawful arrest and imprisonment. Accordingly, dismissal of these claims claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as they are not cognizable in a 42 U.S.C. § 1983 action at this time.

B.  *The Conspiracy Claim*

Plaintiff  makes the specious allegation that Defendant conspired to subject him to an illegal arrest and unlawful seizure based on false and unsupported charges.  Vague and conclusory allegations of conspiracy will not support a § 1983 claim. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Other than his self serving allegations, Plaintiff presents nothing to this court which indicates that Defendant entered into a conspiracy to bring false charges against him or subject him to a false arrest. The court, therefore, concludes that Plaintiff's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983. *Fullman*, 739 F.2d at 556-557.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's unlawful and illegal arrest and seizure claims be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Plaintiff's § 1983 conspiracy claim be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i); and

3.  This case be DISMISSED prior to service of process.

 It is further

ORDERED that **on or before October 9, 2013** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done this 24th day of September 2013.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE